**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0076-22

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

FRANK NUCERA, JR.,

     Defendant-Appellant.

_____

Argued January 31, 2024 – Decided December 31, 2024

Before Judges Accurso, Vernoia and Gummer.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Docket No. L-0585-22.

Donald C. Barbati argued the cause for appellant (Crivelli, Barbati & DeRose, LLC, attorneys; Donald C. Barbati, on the briefs).

Steven A. Yomtov, Deputy Attorney General, attorney for respondent (Matthew J. Platkin, Attorney General, attorney; Steven A. Yomtov, of counsel and on the brief).

The opinion of the court was delivered by

VERNOIA, J.A.D.

A federal jury in the United States District Court for the District of New Jersey convicted defendant, former Bordentown Township Police Department (BTPD) Chief Frank Nucera, Jr., of knowingly and willfully making a false, fictitious, or fraudulent statement or representation to the Federal Bureau of Investigation in violation of 18 U.S.C. § 1001(a)(2).  The State later moved in the Law Division for an order directing the mandatory forfeiture of defendant's public pension and retirement benefits under N.J.S.A. 43:1-3.1(a), which mandates forfeiture of those benefits upon a conviction of any one of twenty-three specified state-law crimes, "or of a substantially similar offense under the laws of another state or the United States which would have been such a crime under the laws of this State, [and] which crime or offense involves or touches" the person's employment.

The court granted the State's forfeiture request, finding defendant's federal conviction was for a crime substantially similar to two of the listed state-law crimes—official misconduct, N.J.S.A. 2C:30-2, and perjury, N.J.S.A.

2C:28-1—for which forfeiture of benefits is mandatory. Defendant appeals from the court's forfeiture order.[1] We reverse.

I.

The pertinent facts are undisputed. On September 1, 2016, defendant, while serving as the Bordentown Township's Police Chief, responded with several other BTPD officers to an incident at a local hotel. Shortly after arriving at the hotel, a physical altercation ensued between the officers and a man and a woman. It was later alleged defendant had pushed the man's head into a metal doorjamb during the incident.

The Federal Bureau of Investigation (FBI) later investigated the events at the hotel, during which FBI agents conducted an unsworn interview of defendant. During the interview, defendant falsely reported to the FBI agents that he had not touched anyone during the encounter with the man and woman.

---

[1] The court's order also directed that effective October 9, 2019, the date of defendant's federal criminal conviction, defendant shall forfeit any public, employment, office or position held by him and "is forever disqualified from holding any office or position of honor, trust, or profit under this State or any of its administrative or political subdivisions." Before the trial court, defendant did not oppose the State's request for an order directing that forfeiture and disqualification, and he does not challenge those portions of the court's order on appeal. We therefore deem any challenges to those portions of the order abandoned and affirm those portions of the challenged order.

Defendant was later charged in an indictment in the United States District Court for the District of New Jersey with violating 18 U.S.A. § 1001(a)(2) by making false statements to the FBI during the interview.[2] Following a trial, a jury found defendant guilty of the offense, and the United States District Court sentenced defendant to a twenty-eight month custodial term followed by a two-year period of supervised release.

Relying on defendant's federal conviction for violating 18 U.S.C. § 1001(a)(2), the State filed a verified complaint and order to show cause in the Law Division seeking an order requiring the mandatory forfeiture of defendant's pension and retirement benefits. The State alleged defendant's federal conviction for making false statements to the FBI in violation of 18 U.S.C. § 1001(a)(2) mandated the forfeiture of his benefits under N.J.S.A. 43:1-3.1(a).

More particularly, the complaint alleged defendant had been convicted of a federal crime "substantially similar" to official misconduct, N.J.S.A. 2C:30-2, one of the twenty-three state-law crimes listed in N.J.S.A. 43:1-3.1(b) that

---

[2] The indictment also charged defendant with the commission of two other federal offenses, but the jury was unable to reach a unanimous verdict on those charges, and the United States District Court declared a mistrial as to them. United States v. Nucera, 67 F.4th 146, 157 (3d Cir. 2023). Those charges, which did not result in convictions, are therefore not relevant to the issues presented on appeal.

A-0076-22

requires mandatory forfeiture of his benefits under N.J.S.A. 43:1-3.1(a).  See

N.J.S.A. 43:1-3.1(b)(17).  The State later amended its complaint to allege

defendant's federal conviction was for a crime that was also substantially similar

to a different state-law crime—perjury, N.J.S.A. 2C:28-1—listed in N.J.S.A.

43:1-3.1(b), and the conviction therefore separately required forfeiture of

defendant's pension and benefits under N.J.S.A. 43:1-3.1(a).  See N.J.S.A. 43:1-

3.1(b)(13).

The court entered the requested order to show cause and permitted the

matter to proceed as a summary action.[3]  The court later heard argument on the

State's application.

---

[3] In its written statement of reasons on the merits of the State's complaint seeking forfeiture of defendant's public office or employment, disqualification to hold public office or employment in the future, and forfeiture of his pension and retirement benefits, the court observed that no rule or statute permits the State to proceed in a summary manner on those claims.  The court noted that where the State sought a disposition of such claims, "the appropriate sequence in the ordinary course would be to file the complaint along with a notice of motion to proceed summarily under Rule 4:67-2(b)."  The court explained it had decided to proceed in a summary manner only because neither party had objected, but it otherwise noted that in the future it would not be "inclined to enter orders to show cause" in forfeiture and disqualification matters "absent a demonstration of a pertinent rule or statute that permits the [c]ourt to proceed in a summary manner in such matters."  Neither party addresses the court's discussion of the issue, and we therefore do not address it.  We note the court's determination and observations solely for the purpose of making clear that we do not offer an opinion on the manner in which the State's requests were first

A-0076-22

The State argued N.J.S.A. 43:1-3.1(a) requires the mandatory forfeiture of a public employee's pension and retirement benefits if he or she is convicted of any of the state-law crimes designated in N.J.S.A. 43:1-3.1(b) or of a "substantially similar" federal or other-state offense. Consistent with the allegations in its complaint, the State argued defendant had been convicted of a federal offense under 18 U.S.C. § 1001(a)(2)—making false statements to a federal agency—and that crime is substantially similar to the state-law crimes of official misconduct and perjury listed in N.J.S.A. 43:1-3.1(b), and therefore forfeiture of benefits is mandatory under N.J.S.A. 43:1-3.1(a).

The State argued defendant's provision of false information to the FBI during an unsworn interview "to evade apprehension and prosecution in his official capacity as the police chief" is substantially similar to the crime of official misconduct, which penalizes a public official for "us[ing] his public office in an unauthorized manner . . . in order to benefit himself." The State also argued that "the evidence" of defendant's conduct, lying to the FBI, also could have resulted in defendant being "prosecuted for official misconduct" under N.J.S.A. 2C:30-2.

---

presented to the trial court and our reference to the process followed by the State in making its application shall not be interpreted as an endorsement of it.

The State further asserted that although the state-law crime of perjury is "a different offense" and contains different elements than the federal offense for which defendant had been convicted, "the legislature . . . intended not to make" the forfeiture of benefits based on the commission of a crime "substantially similar" to the twenty-three crimes listed in N.J.S.A. 43:1-3.1(b), a determination that requires an "an element-by-element comparison."  Thus, the State reasoned that perjury under N.J.S.A. 2C:28-1 is a crime substantially similar to the federal crime under 18 U.S.C. § 1001(a)(2) because making "false statement[s] to a government official" is akin to the provision of false testimony required for the crime of perjury.

Defendant argued that a determination whether under N.J.S.A. 43:1-3.1(a) a federal crime is substantially similar to any of the twenty-three offenses listed in N.J.S.A. 43:1-3.1(b) requires an "elements-based analysis" of the offenses. Defendant argued the Legislature intended that if a person is not convicted of any of the twenty-three offenses listed in N.J.S.A. 43:1-3.1(b), the person is subject to the mandatory forfeiture of benefits under N.J.S.A. 43:1-3.1(a) only if an analysis of the elements of the federal or other-state crime for which the person was convicted establishes the crimes have substantially similar elements.

A-0076-22

Defendant further argued that the federal crime for which he was convicted is not substantially similar to the state-law crimes of official misconduct and perjury because proof of the elements required to sustain a conviction of the federal offense "would not be enough to convict" him of either official misconduct or perjury under our Criminal Code.

In its written decision, the court granted the State's application in its entirety and, in relevant part, ordered forfeiture of defendant's public pension and retirement benefits pursuant to N.J.S.A. 43:1-3.1(a). The court found that instead of a rigid elements-based or conduct-based comparison of the federal offense with the state-law offenses of official misconduct and perjury, "New Jersey courts have been guided by the language, purpose, legislative history and elements of statutes to measure whether two laws are substantially similar to each other." Framed differently, the court determined "a substantial similarity requirement in a statute means the essence of two laws must resemble each other to a substantial degree, and in measuring the degree of resemblance, a court should at least consider the language, purpose, legislative history, and elements of the statutes for guidance."

Utilizing that standard, the court determined that making false statements to the FBI in violation of 18 U.S.C. § 1001(a)(2) is a substantially similar crime

8

to the state-law offense of official misconduct, N.J.S.A. 2C:30-2. The court observed that "the language and purpose" or "essence or gist" of the official misconduct statute "is to criminalize any official conduct that would pervert government authority into malfeasance," which the court found is the same purpose of 18 U.S.C. § 1001(a)(2). The court also found the "New Jersey official misconduct statute is broad enough to encompass the type of criminal conduct prohibited by the federal offense"; namely, if a person makes a false statement that breaches an official, non-discretionary duty related to his public office, he or she could be charged and convicted under the official misconduct statute, N.J.S.A. 2C:30-2, and/or the federal statute, 18 U.S.C. § 1001(a)(2). The court also found the offenses incorporate the heightened mental state of "knowingly" and "act[ing] with purpose" and apply to public servants. Accordingly, the court concluded the federal offense for which defendant had been convicted is "analogous or comparable to a substantial degree" to the state offense of misconduct, N.J.S.A. 2C:30-2, under the meaning of the automatic forfeiture statute, N.J.S.A. 43:1-3.1(a).

The court also found that 18 U.S.C. § 1001(a)(2) is substantially similar to the state-law perjury offense, N.J.S.A. 2C:28-1(a). The court observed that "the essence or gist of" both the perjury and the federal offense "is to criminalize

9

lying as a means of asserting influence over government action." The court reasoned that although perjury requires that "the lying" occur under oath in an official proceeding, that does not render it dissimilar under N.J.S.A. 43:1-3.1(a) to the offense defined in 18 U.S.C. § 1001(a)(2).

The court found the offenses are substantially similar because the elements of an offense under 18 U.S.C. § 1001(a)(2) "are broad enough to encompass the elements in" the perjury statute. The court reasoned the federal offense applies to a person who provides false information "in any matter within" the United States Government's jurisdiction and therefore "could encompass '[a] person' under oath in an official proceeding." Last, the court noted that both offenses criminalize making materially false statements. The court concluded that a crime under 18 U.S.C. § 1001(a)(2) is "substantially similar" to perjury, N.J.S.A. 2C:28-1, within the meaning of N.J.S.A. 43:1-3.1(a).

The court further explained that because the parties did not dispute that defendant had committed the federal offense for which he was convicted while acting in his capacity as the Bordentown Police Chief, there is no dispute the crime touched upon his public position. Thus, the court concluded the State had satisfied the conditions under N.J.S.A. 43:1-3.1(a) requiring mandatory

10

forfeiture of defendant's pension and retirement benefits and entered an order directing the forfeiture.  This appeal followed.

## II.

The issue presented in this appeal may be simply stated:  was the federal offense for which defendant was convicted under 18 U.S.C. § 1001(a)(2) "substantially similar" to either the crime of official misconduct, N.J.S.A. 2C:30-2, or perjury, N.J.S.A. 2C:28-1, such that under N.J.S.A. 43:1-3.1(a) he is subject to mandatory forfeiture of the pension and retirement benefits he had earned while employed by the BTPD?  Disposition of the issue turns on our interpretation of N.J.S.A. 43:1-3.1(a).

In pertinent part, N.J.S.A. 43:1-3.1(a) states:

> A person who holds or has held any public office, position, or employment, elective or appointive, under the government of this State or any agency or political subdivision thereof, who is convicted of any crime set forth in subsection b. of this section, or of a substantially similar offense under the laws of another state or the United States which would have been such a crime under the laws of this State, which crime or offense involves or touches such office, position or employment, shall forfeit all of the pension or retirement benefit earned as a member of any State or locally-administered pension fund or retirement system in which he participated at the time of the commission of the offense and which covered the office, position or employment involved in the offense.  As used in this section, a crime or offense that "involves or touches

11

such office, position or employment" means that the crime or offense was related directly to the person's performance in, or circumstances flowing from, the specific public office or employment held by the person.

[N.J.S.A. 43:1-3.1(a) (emphasis added).]

Subsection (b) of N.J.S.A. 43:1-3.1 provides that "[s]ubsection (a)" of the statute "applies to a conviction of any of" the twenty-three crimes under our Criminal Code that the statute lists by name and citation. Included among the twenty-three listed crimes are perjury under N.J.S.A. 2C:28-1 and official misconduct under N.J.S.A. 2C:30-2. N.J.S.A. 43:1-3.1(b)(13) and (17).[4]

Prior to addressing the merits of the court's determination that defendant is subject to the mandatory forfeiture required under N.J.S.A. 43:1-3.1(a), we summarize the legal principles that guide our analysis. Issues of statutory interpretation present questions of law that we determine de novo. State v. S.B., 230 N.J. 62, 67 (2017). "We also review de novo a trial court's application of the law to undisputed facts." State v. Gargano, 476 N.J. Super. 511, 523 (App. Div. 2023).

---

[4] Although not at issue on this appeal, subsection (c)(2) provides in part that "[a] court of this State shall enter an order of pension forfeiture pursuant to this section . . . [u]pon application of the county prosecutor or the Attorney General, when pension forfeiture is based upon a conviction of an offense under the laws of another state or of the United States." N.J.S.A. 43:1-3.1(c)(2).

The goal in interpreting a statute "'is to effectuate legislative intent,' and '[t]he best source of direction on legislative intent is the very language used by the Legislature.'" Bozzi v. City of Jersey City, 248 N.J. 274, 283 (2021) (quoting Gilleran v. Twp. of Bloomfield, 227 N.J. 159, 171-72 (2016)). As the Supreme Court explained in DiProspero v. Penn, "[t]he Legislature's intent is the paramount goal when interpreting a statute[,] and, generally, the best indicator of that intent is the statutory language." 183 N.J. 477, 492 (2005); see also State v. Lopez-Carrera, 245 N.J. 596, 612-13 (2021).

Proper interpretation of a statute therefore begins with its plain language. State v. McCray, 243 N.J. 196, 208 (2020). We must apply the "generally accepted meaning[s]" of words in a statute, Lopez-Carrera, 245 N.J. at 613 (quoting N.J.S.A. 1.1-1), read them "in context, along 'with related provisions, . . . to give sense to the legislation as a whole,'" State v. A.M., 252 N.J. 432, 451 (2023), and "examine them along with related provisions and in light of a statute's overall scheme," id. at 453.

Where a statute's text is unclear or ambiguous, a court may consider "extrinsic materials to determine the Legislature's intent." Id. at 451 (quoting Lopez-Carrera, 245 N.J. at 613). "When the text of a statute is clear, the court's job is over." Ibid.

By its plainly-stated terms, N.J.S.A. 43:1-3.1 provides for mandatory forfeiture of the retirement and pension benefits of persons who "hold[] or ha[ve] held any public office, position, or employment, elective or appointive, under the government of this State or any agency or political subdivision thereof" based on their conviction of certain crimes.  N.J.S.A. 43:1-3.1(a).  The statute was enacted in 2007, L. 2007, c. 49, § 2, and its "plain language . . . expresses an unambiguous legislative intent to make the commission of certain offenses the basis for mandatory and absolute pension forfeiture."  State v. Anderson, 248 N.J. 53, 73 (2021) (emphasis added).

To properly interpret N.J.S.A. 43:1-3(a), it is necessary to first summarize subsection (b) because it "trigger[s] application of" the forfeiture requirements in "subsection (a)," id. at 72, expressly providing that "[s]ubsection (a) . . . applies to a conviction of any of the following crimes."  Subsection (b) identifies twenty-three crimes the conviction of which requires the mandatory forfeiture of benefits under subsection (a).  Id. at 73.

With what may be properly characterized as surgical precision, subsection (b) of N.J.S.A. 43:1-3.1 defines and limits with great specificity the state-law crimes to which mandatory forfeiture of pension or retirement benefits under subsection (a) applies.  By including with such great particularity the crimes in

14

subsection (b), the Legislature made plain its intention to not only identify those specific crimes the conviction of which mandate forfeiture under N.J.S.A. 43:1-3.1(a), but also to make clear its intention to exclude the voluminous number of other crimes set forth in this State's comprehensive Criminal Code, see generally N.J.S.A. 2C:11-1 to 41-6.2, conviction of which do not trigger mandatory forfeiture of benefits under N.J.S.A. 43:1-3.1(a).

For example, N.J.S.A. 43:1-3.1(b)(1) lists criminal coercion under N.J.S.A. 2C:13-5 as a crime the conviction of which mandates forfeiture of benefits under N.J.S.A. 43:1-3.1(a), but the forfeiture applies to only one of the seven forms of criminal coercion defined in the criminal statute. See N.J.S.A. 2C:13-5(a)(1) to (7). Stated differently, the Legislature determined that a conviction for criminal coercion under N.J.S.A. 2C:13-5(a)(4) mandates forfeiture of retirement and pension benefits under N.J.S.A. 43:1-3.1(a), but a conviction for any of the other six forms of criminal coercion, see N.J.S.A. 2C:13-4(a)(1),(2),(3),(5),(6), and (7), does not require forfeiture.[5] N.J.S.A. 43:1-3.1(b)(1).

---

[5] Under N.J.S.A. 2C:13-5(a)(4), "[a] person is guilty of criminal coercion if, with purpose unlawfully to restrict another's freedom of action to engage or refrain from engaging in conduct, he [or she] threatens to . . . [t]ake or withhold action as an official, or cause an official to take or withhold action . . . ."

A-0076-22

Similarly, in N.J.S.A. 43:1-3.1(b), the Legislature determined theft by deception is a crime the conviction of which requires mandatory forfeiture of benefits under N.J.S.A. 43:1-3.1(a), but not all theft-by-deception offenses qualify. The Legislature determined that the only theft-by-deception convictions requiring mandatory forfeiture of benefits under N.J.S.A. 43:1-3.1(a) are those where the "amount involved exceeds $10,000." See N.J.S.A. 43:1-3.1(b)(2). Thus a public officer, official, or employee who is convicted of theft-by-deception involving the amount of $9,999 is not subject to mandatory forfeiture under N.J.S.A. 43:1-3.1(a) but a person convicted of the same offense involving the amount of $10,000 is subject to forfeiture. Also, although N.J.S.A. 2C:20-5 defines seven forms of the crime of theft by extortion, see N.J.S.A. 2C:20-5(a) to (g), N.J.S.A. 43:1-3.1(a) applies to only one form of the crime—N.J.S.A. 2C:20-5(d)—such that it is only a conviction of that crime that mandates forfeiture of benefits under N.J.S.A. 43:1-3.1(a).[6] See N.J.S.A. 43:1-3.1(b)(3) (providing N.J.S.A. 43:1-3.1(a) applies to a conviction under "[s]ubsection (d) of N.J.S.A. 2C:13-5").

---

[6] Under N.J.S.A. 2C:20-5(d), "[a] person is guilty of theft by extortion if he [or she] purposely and unlawfully obtains property of another by extortion. A person extorts if he [or she] purposely threatens to . . . [t]ake or withhold action as an official, or cause an official to take or withhold action."

A-0076-22

We note the foregoing because, in our view, it reflects a clear and unequivocal legislative intent to precisely identify and thereby limit the crimes the convictions of which mandate forfeiture of pension and retirement benefits under N.J.S.A. 43:1-3.1(a). As the Court has explained, "[t]he plain language of [N.J.S.A. 43:1-3.1] expresses an unambiguous legislative intent to make the commission of certain crimes the basis for mandatory and absolute pension forfeiture." Anderson, 248 N.J. at 73 (emphasis added). And, where, as here, "the Legislature [has] create[d] an exhaustive list," we may properly assume that it "intend[ed] to exclude what is not enumerated" because the statute is otherwise devoid of any language indicating the list provided in N.J.S.A. 43:1-3.1(b) "is not meant to be exhaustive or exclusive." Borough of E. Rutherford v. E. Rutherford PBA Loc. 275, 213 N.J. 190, 215 (2013).

In its enactment of N.J.S.A. 43:1-3.1, the Legislature also made clear that a person convicted of a crime that is not included in subsection (b), and therefore not subject to mandatory forfeiture under subsection (a), is otherwise subject to a forfeiture for "misconduct occurring during the [person's] public service pursuant to the provisions of [N.J.S.A. 43:1-3], including in a case where a court does not enter an order of forfeiture pursuant to" N.J.S.A. 43:1-3.1. N.J.S.A. 43:1-3.1(e); see also Anderson, 248 N.J. at 73-74 (explaining the standard for

17

forfeiture of pension and retirement benefits under N.J.S.A. 43:1-3 "appl[ies] to public employee misconduct raising honorable service questions outside of circumstances involving convictions for which [N.J.S.A. 43:1-3.1] requires mandatory and absolute forfeiture" (emphasis in original)). Stated differently, a person convicted of an offense that does not result in mandatory forfeiture under N.J.S.A. 43:1-3.1(a) may nonetheless be deemed ineligible to receive pension and retirement benefits in accordance with N.J.S.A. 43:1-3.[7] N.J.S.A. 43:1-3.1(e); see also Anderson, 248 N.J. at 72 (explaining N.J.S.A. 43:1-3 "allows for a flexible discretionary analysis of whether full or partial forfeiture of a pension is an appropriate response to dishonorable conduct").

Considered in the context of the Legislature's intention to precisely define and limit the crimes the conviction of which will require mandatory forfeiture of benefits, we interpret N.J.S.A. 43:1-3.1's plain language to determine if defendant's conviction of the federal offense under 18 U.S.C. § 1001(a)(2) is substantially similar to the state-law crimes of perjury and official misconduct

_____

[7] N.J.S.A. 43:1-3 generally provides that "[t]he board of trustees of any State or locally-administered pension fund or retirement system created under the laws of this State is authorized to order the forfeiture of all or part of the earned service credit or pension or retirement benefit of any member of the fund or system for misconduct during the member's public service which renders the member's service or part thereof dishonorable and to implement any pension forfeiture order by the court pursuant to" N.J.S.A. 43:1.3.1. N.J.S.A. 43:1-3(b).

A-0076-22

such that the court correctly ordered forfeiture of his benefits.  See generally A.M., 252 N.J. at 451, 453.

To support mandatory forfeiture of pension and retirement benefits under N.J.S.A. 43:1-3.1(a), the statute's plain language requires satisfaction of a number of conditions.  First, the person must hold or have held "any public office, position, or employment elective or appointive" under State government "or any agency or political subdivision thereof."  N.J.S.A. 43:1-3.1(a).  The State demonstrated defendant satisfies that condition; he had held an employment position—Police Chief—in a political subdivision of the State, Bordentown Township.

Second, the person must have been "convicted of a crime" or offense that "involves or touches" the person's public "office, position, or employment."  N.J.S.A. 43:1-3.1.  Plaintiff was convicted of a crime, providing a false statement to a federal authority, 18 U.S.C. § 1001(a)(2), that touched on his public employment; defendant was convicted of providing false information to the FBI provided in his capacity as Police Chief during the FBI's investigation into actions defendant had allegedly taken while making an arrest while acting as Police Chief.  Defendant does not argue otherwise.

Third, to qualify for mandatory forfeiture under N.J.S.A. 43:1-3.1(a), the State must show that the crime for which the person was convicted is either listed in subsection (b) or is "a substantially similar offense under the laws of another State or the United States which would have been such a crime under the laws of this State." The State does not contend that defendant was convicted of a crime "set forth in subsection (b)" of N.J.S.A. 43:1-3.1. The State argued, and the court found, defendant was convicted of a "substantially similar offense under the laws of the . . . United States which would have been such a crime under the laws of this State." Thus, it is the interpretation of those words on which the validity of the court's forfeiture order rests.

The motion court's opinion centers on its earnest effort to discern the proper interpretation of those words for the purpose of determining whether defendant's federal conviction under 18 U.S.C. § 1001(a)(2) qualifies as a "substantially similar" offense requiring mandatory forfeiture under N.J.S.A. 43:1-3.1(a). And, appropriately so because under the statute's plain language, where a forfeiture is based on the conviction of a crime under the laws of another state or the United States, it must be demonstrated that the crime is "substantially similar" under the N.J.S.A. 43:1-3.1(a) standard to one or more of the crimes listed in subsection N.J.S.A. 43:1-3.1(b).

A-0076-22

In our view, the motion court's analysis of the mandatory forfeiture requirement under N.J.S.A. 43:1-3.1(a) focused too narrowly on the meaning of what broadly might constitute a "substantially similar" offense. The court conducted exhaustive research and looked to numerous sources beyond the statute's plain language to support its broad interpretation of "substantially similar" that provided the foundation for its conclusion that the crime for which defendant was convicted—providing false information to a federal agency—is substantially similar to the state-law crimes of perjury and official misconduct. In doing so, the court did not consider that a determination of what constitutes a "substantially similar" crime under N.J.S.A. 43:1-3.1(a) required application of another plainly stated, but essential and unequivocal, condition that must be satisfied for a federal or other-state conviction to require mandatory forfeiture under N.J.S.A. 43:1-3.1(a) – that the crime "would have been such a crime under the laws of this State." N.J.S.A. 43:1-3.1(a) (emphasis added).

The phrase "which would have been such a crime under the laws of this State" modifies and defines "substantially similar." The term "such a crime" refers to any one of the twenty-three crimes listed in N.J.S.A. 43:1-3.1(b). That is, for the federal crime for which defendant was convicted to qualify as "substantially similar" under N.J.S.A. 43:1-3.1(a), the offense as defined in 18

21

U.S.C. § 1001(a)(2) must otherwise constitute either the crime of perjury or official misconduct listed in N.J.S.A. 43:1-3.1(b). That conclusion is compelled by the statute's plain language because if the federal offense—as defined in 18 U.S.C. § 1001(a)(2)—does not, or could not, constitute one of the crimes listed in N.J.S.A. 43:1-3.1(b)—here, perjury or official misconduct—then N.J.S.A. 43:1-3.1(a)'s condition for mandatory forfeiture—that the federal crime "would have been such a crime" as any of those listed in N.J.S.A. 43:1-3.1(b)—is not satisfied.

Our interpretation of N.J.S.A. 43:1-3.1(a) is not only supported by the statute's plain language, it is also consistent with the Legislative intent to precisely restrict the crimes the conviction of which mandate forfeiture of benefits to only those limited and specified crimes listed in N.J.S.A. 43:1-3.1(b). Indeed, it would have been wholly illogical for the Legislature to have so precisely defined and limited the state-law crimes for which mandatory forfeiture applies and then impose mandatory forfeitures for federal or other-state offenses that would not constitute any of the twenty-three listed crimes in N.J.S.A. 43:1-3.1(a).

Moreover, for example, under the motion court's "essence" or "gist" standard, it might be argued that an other-state or federal conviction for theft by

22

deception involving an amount of $9,999 is substantially similar to the theft-by-deception offense involving an amount of $10,000 that requires mandatory forfeiture under N.J.S.A. 43:1-3.1(b)(2) and N.J.S.A. 43:1-3.1(a). Acceptance of that argument would, however, be inconsistent with N.J.S.A. 43:1-3.1(a)'s plain language because the federal or other-state conviction would not have been for the commission of an offense that "would have been" the theft-by-deception offense listed in N.J.S.A. 43:1-3.1(b)(2), and also would be inconsistent with the Legislative intent to make only a theft-by-deception offense involving an amount over $10,000—not an offense that shares the essence or gist of that offense as later divined—a crime that mandates forfeiture under N.J.S.A. 43:1-3.1(a).

For those reasons, we reject the motion court's more amorphous "gist" or "essence" analysis of what under N.J.S.A. 43:1-3.1(a) constitutes a "substantially similar" offense to those listed in subsection (b). In our view, that analysis fails to take into account that N.J.S.A. 43:1-3.1(a) expressly provides that the federal or other-state conviction must be of an offense that would have been one of the twenty-three carefully prescribed crimes in N.J.S.A. 43:1-3.1(b), and that statutory requirement dictates the application of an elements analysis of the crimes.

23

Our interpretation is also supported by "a cardinal rule of statutory construction that full effect should be given, if possible, to every word of a statute." McCann v. Clerk of Jersey City, 167 N.J. 311, 321 (2001) (quoting Gabin v. Skyline Cabana Club, 54 N.J. 550, 555 (1969)).  We therefore "cannot assume that the Legislature used meaningless language," ibid. (quoting Gabin, 54 N.J. at 555), and must give effect to the Legislature's dictate that only federal or other-state crimes that would have resulted in a conviction under one of the twenty-three offenses in N.J.S.A. 43:1-3.1(b) permit or require mandatory forfeiture of pension and retirement benefits.

To determine if the federal offense for which defendant was convicted under 18 U.S.C. § 1001(a)(2) would have been a crime of perjury under N.J.S.A. 2C:28-1 or official misconduct under N.J.S.A. 2C:30-1, we must simply compare the elements of each offense.  We compare the elements of the offenses because only through that comparison can we determine if the federal crime defendant committed – a violation of 18 U.S.C. § 1001(a)(2) – was "a substantially similar offense" to the crime of either perjury or official misconduct as required under N.J.S.A. 43:1-3.1(b).  That is because it is only if the commission of a crime in violation of 18 U.S.C. § 1001(a)(2) would have constituted perjury or official misconduct under our Criminal Code that the

federal offense is "a substantially similar offense under the laws . . . of the United States which would have been" the crime of either perjury or official misconduct as required under N.J.S.A. 43:1-3.1(b).

A person violates 18 U.S.C. § 1001(a)(2) if he or she, "in any matter within the jurisdiction" of the United States government, "knowingly and willfully" "makes any materially false, fictitious, or fraudulent statement or representation." 18 U.S.C. § 1001(a)(2). Our Supreme Court has explained that a violation of the statute occurs when a person "knowingly and willfully . . . make[s] any materially false, fictitious, or fraudulent statement or representation to a federal officer or body." State v. Goodwin, 224 N.J. 102, 113 (2016) (second alteration added) (quoting 18 U.S.C. § 1001(a)(2)). The government meets its burden of proving a violation of the statute where it shows the defendant: "(1) . . . made a statement or representation; (2) it was false; (3) it was made knowingly and willfully; (4) it was material; and (5) it was made in a matter within the federal government's jurisdiction." United States v. Pawlowski, 27 F.4th 897, 909 (3d Cir. 2022).

A person commits the crime of official misconduct under N.J.S.A. 2C: 30-2 where, as a "public servant" and "with purpose to obtain a benefit for himself or another or to injure or deprive another of a benefit":

a. He commits an act relating to his office but constituting an unauthorized exercise of his official functions, knowing that such act is unauthorized or he is committing such act in an unauthorized manner; or

b. He knowingly refrains from performing a duty which is imposed upon him by law or is clearly inherent in the nature of his office.

A defendant may be convicted of official misconduct under N.J.S.A. 2C:30-2 where the State proves beyond a reasonable doubt that:

> (1) [the] defendant was a "public servant" within the meaning of the statute, (2) who, with the purpose to obtain a benefit or deprive another of a benefit, (3) committed an act relating to but constituting an unauthorized exercise of her office, (4) knowing that such act was unauthorized or that she was committing such act in an unauthorized manner.
>
> [State v. Bailey, 251 N.J. 101, 129 (2022) (quoting State v. Saavedra, 222 N.J. 39, 58 (2015)).]

The purpose of the official-misconduct statute is to "consolidate the law as to malfeasance and non-feasance by public servants." State v. Hinds, 143 N.J. 540, 545 (1996) (quoting Cannel, Criminal Code Annotated, cmt. N.J.S.A. 2C:30-2). Thus, a defendant can be found guilty of official misconduct only if the alleged misconduct "is sufficiently related" to the defendant's role as a public employee or official or his or her official duties. State v. Kueny, 411 N.J. Super. 392, 407 (App. Div. 2010). "There must be a relationship between the misconduct and public office of the wrongdoer, and the wrongdoer must rely

26

upon his or her status as a public official to gain a benefit or deprive another."
Ibid.

To be sure, 18 U.S.C. § 1001(a)(2) and the state official-misconduct statute similarly seek to broadly penalize the perversion of government authority and acts of dishonesty. They also similarly require proof of heightened states of mind; the federal offense requires proof a defendant acted knowingly and the official misconduct statute requires proof a defendant acted knowingly and purposely. Compare 18 U.S.C. § 1001(a)(2) with N.J.S.A. 2C:30-2.

Those similarities might support an argument that the crimes are "similar" in the sense that they are somewhat alike and, based on a subjective assessment of policy and language, they share a "gist" or "essence" because they broadly and generally prohibit similarly dishonest conduct through the making of false statements. But similarities of that nature do not qualify the crime defined in 18 U.S.C. § 1001(a)(2) as "substantially similar" under N.J.S.A. 43:1-3.1(a) because commission of the federal offense "would [not] have been" a crime under N.J.S.A. 2C:30-2. That is for the simple but dipositive reason that 18 U.S.C. § 1001(a)(2) does not, by definition, include the elements required of the crime of official misconduct under N.J.S.A. 2C:30-2.

For example, the official-misconduct statute penalizes only unlawful acts by public servants, but any person can be convicted for his or her unlawful acts under the false-statements statute. Compare N.J.S.A. 2C:30-2 with 18 U.S.C. § 1001. The official-misconduct statute, N.J.S.A. 2C:30-2, penalizes a defendant who commits any unauthorized act in his or her public capacity, but the false-statements statute penalizes the singular act of making a false statement or representation by anyone, 18 U.S.C. § 1001. Compare N.J.S.A. 2C:30-2 with 18 U.S.C. § 1001. Further, the official-misconduct statute, N.J.S.A. 2C:30-2 necessarily requires a defendant's unlawful action to arise from, and relate to, his or her official duties in their public capacity, Kueny, 411 N.J. Super. at 407, but 18 U.S.C. § 1001(a)(2) does not. Compare N.J.S.A. 2C:30-2 with 18 U.S.C. § 1001. Additionally, the official-misconduct statute requires that the defendant's unauthorized act, which implicates his or her official duties, be committed with an additional special intent: "with the purpose to obtain or deprive another of a benefit." N.J.S.A. 2C:30-2. The false-statements statute does not require any proof as to a defendant's purpose in making a false statement or representation; its only requirement is that a false statement was knowingly made. 18 U.S.C. § 1001(a)(2).

Based on those differences, the crime defined in the federal false statements statute "would [not] have been" official misconduct "under the laws of his State." N.J.S.A. 43:1-3.1(a). The crime of official misconduct is defined by additional and more onerous elements than those in 18 U.S.C. § 1001(a)(2) and, for that reason, the crime for which defendant was convicted does not mandate forfeiture of benefits under N.J.S.A. 43:1-3.1(a). Again, commission of the federal crime does not constitute commission of the crime of official misconduct.

The State argues that because defendant acted in his official capacity when he committed the federal offense and lied to the FBI agents for his personal benefit, he was convicted of a crime under the laws of the United States that is substantially similar to the crime of official misconduct under N.J.S.A. 2C:30-2. Although the State might have charged and convicted defendant of official misconduct under N.J.S.A. 2C:30-2 based on the false report he made to the FBI agents, it did not do. That the State might have properly charged and convicted defendant of official misconduct offense based on the same conduct underlying his federal conviction does not make the offenses "substantially similar" under N.J.S.A. 43:1-1.3(a). As we have explained, under the statute's plain language conviction of a federal crime requires mandatory forfeiture of pension and

retirement benefits only where the federal crime "would have been" the crime of official misconduct under N.J.S.A. 2C:30-2.  N.J.S.A. 43:1-3.1(a).  And that is not the case here.

Consistent with the Legislature's manifest intention to precisely define the crimes that mandate forfeiture, to qualify for the mandatory forfeiture, defendant must have committed a federal or other-state crime "which would have been" the crime of official misconduct under N.J.S.A. 2C:30-2.  Again, that is not the case here because the crime defined in 18 U.S.C. § 1001(a)(2) would not have constituted the state-law crime of official misconduct because the federal crime, by definition and as we have explained, does not include elements that are essential to establishing official misconduct.

The Legislature's inclusion of official misconduct in N.J.S.A. 43:1-3.1(b) as a crime the conviction of which mandates forfeiture reflects an intention that only in cases where the State has proven all of the elements of that offense beyond a reasonable doubt will a defendant suffer mandatory forfeiture.  Thus, requiring that a conviction of a federal or other-state offense be of a crime that "would have been" one of the crimes listed in N.J.S.A. 43:1-3.1(b), may be interpreted only as requiring that elements of the federal or other-state offense must be such that proof of those elements would establish one of the listed state-

30

law crimes. For the reasons we have explained, that is not the case here. And, for those reasons, we conclude that the crime defined in 18 U.S.C. § 1001(2)(a) is not a "substantially similar" crime "which would have been crime" the crime of official misconduct "under the laws of this State," and, for that reason, the court erred in determining defendant was subject to mandatory forfeiture of benefits under N.J.S.A. 43:1-3.1(a) on that basis.[8]

---

[8] We also observe that because forfeiture under N.J.S.A. 43:1-3.1(a) requires that an individual's criminal conviction be for a "crime or offense that involves or touches, [his or her public] office, position or employment," and states that "'involves or touches such office, position or employment' means the crime or offense was related directly to the person's performance in, or circumstances flowing from, the specific public office or employment held by the person," a defendant's commission of any of the crimes listed in N.J.S.A. 43:1-3.1(b) might also support a charge, and perhaps a conviction, of the offense of official misconduct. Because the Legislature listed twenty-three separate offenses the conviction of which mandate forfeiture under N.J.S.A. 43:1-3.1, we discern that the Legislature intended that to qualify for mandatory forfeiture under the statute based on a conviction of official misconduct requires a conviction of that offense itself, or of a substantially similar federal or other-state offense "which would have been . . . a crime under the laws of this State," as we have defined it under N.J.S.A. 43:1-3.1(a). That is, we reject the notion, argued by the State, that defendant, who was not convicted of either official misconduct under our Criminal Code or a substantially similar federal crime that "would have been" the crime of official misconduct under our Criminal Code is subject to mandatory forfeiture of benefits under N.J.S.A. 43:1-3.1(a) merely because his conduct might have supported an official misconduct charge and conviction. If the statute is read that way, the Legislature's inclusion of the other twenty-two offenses in N.J.S.A. 43:1-3.1(b) would be superfluous because a conviction of any of them in a manner that touched on a defendant's public position or employment would otherwise constitute official misconduct. We will not read

31

For the same reasons, the court erred in finding defendant's conviction under 18 U.S.C. § 1001(a)(2) was for a crime "which would have been" the crime of perjury under N.J.S.A. 2C:28-1. Under the state statute, a person commits perjury:

> (a) if in any official proceeding he makes a false statement under oath or equivalent affirmation, or swears or affirms the truth of a statement previously made, when the statement is material and he does not believe it to be true.
>
> (b) . . . Falsification is material . . . if it could have affected the course or outcome of the proceeding or the disposition of the matter.
>
> [N.J.S.A. 2C:28-1(a) and (b).]

"[I]n the perjury context, to be material, a false statement does not have to actually corrupt the outcome of a proceeding; it is enough if the false statement has the potential to 'affect[ ] the course or outcome of the proceeding.'" Goodwin, 224 N.J. at 112 (quoting N.J.S.A 2C:28-1(b)).

---

the statute to render inclusion of the other twenty-two offenses in N.J.S.A. 43:1-3.1(b) were mere surplusage, Cast Art Indus., LLC v. KPMG LLP, 209 N.J. 208, 222 (2012), and we give effect to the Legislature's inclusion of offenses other than official misconduct by recognizing that a federal or other-state crime for which mandatory forfeiture is required must be of a crime that "would have been" one of the listed crimes in N.J.S.A. 43:1-3.1(b). And, as we have explained, the federal crime here would not have been the crime of official misconduct even though the State might have been able to otherwise charge and convict defendant of official misconduct.

We acknowledge, as did the trial court, that 18 U.S.C. § 1001(a)(2) and the perjury statute "criminalize lying as a means of asserting influence over government action," and we note that both statutes incorporate the same definition of "material." See Goodwin, 224 N.J. at 113 (defining a "material" statement under N.J.S.A. 2C:28-1 and 18 U.S.C. § 1001 as a statement "[o]f such a nature that knowledge of the item would affect a person's decision-making" or "important enough to affect the outcome of a case, the validity of a legal instrument"). Moreover, both statutes involve the act of lying to a government actor or body.

But N.J.S.A. 43:1-3.1(a) requires more than 18 U.S.C. § 1001(a)(2). To qualify as a federal offense that is substantially similar to the crime of perjury, 18 U.S.C. § 1001(a)(2) must also constitute the crime of perjury under N.J.S.A. 2C:28-1, and it does not. N.J.S.A. 43:1-3.1(a); see also Goodwin, 224 N.J. at 113 (explaining differences between the false-statements statute and our perjury statute). Most importantly, the perjury statute includes essential elements absent from 18 U.S.C. § 1001(a)(2). Under the perjury statute, the State must prove in part that the false statement was made under oath or "equivalent affirmation" and in any official proceeding. N.J.S.A. 2C:28-1(a). Thus, unlike 18 U.S.C. § 1001(a)(2), our perjury state does not criminalize the act of making false

statements; it penalizes the act of giving false testimony. In any event, because the elements of the federal offense do not include elements required to prove perjury, the federal offense "would [not] have been" the crime of perjury and, for that reason, 18 U.S.C. § 1001(a)(2) does not define an offense the conviction of which mandates defendant's forfeiture of benefits under N.J.S.A. 43:1-3.1(a).

We therefore reverse the court's order directing defendant's mandatory forfeiture of benefits under N.J.S.A. 43:1-3.1(a). Our decision shall not be construed as expressing any opinion as to the merits of any application that might be made under N.J.S.A. 43:1-3.1(e) and N.J.S.A. 43:1-3 related to defendant's forfeiture of benefits.

Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION